IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. |
| v. | )<br>) |
| LORING E. JUSTICE, KIM RENAE NELSON, KYLE GLOBAL VENTURES LLC, LORING JUSTICE, PLLC, CSB HOLDINGS 329, LLC, UNITED COMMUNITY BANK, AND OTHER PERSONS OWNING OR CLAIMING AN INTEREST IN REAL PROPERTY KNOWN AS 500 PRESCOTT WAY, KNOXVILLE, TENNESSEE 37919, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PETITION TO QUIET TITLE AND DECLARE PRIORITY OF LIENS

Comes now, The Guarantee Company of North America, USA ("The Guarantee"), by and through undersigned counsel, and pursuant to T.C.A. § 29-29-101, *et seq.*, and files this petition (the "Petition") to quiet title and declare priority of liens against Defendants Loring E. Justice (the "Justice"), Kim Renae Nelson ("Ms. Nelson"), Kyle Global Ventures, LLC ("Kyle Global"), Loring Justice, PLLC, ("LJP"), CSB Holdings 329, LLC ("CSB"), United Community Bank ("United Community"), and any other person owning or claiming interest in real property known as 500 Prescott Way, Knoxville, Tennessee 37919 (collectively, the "Defendants"). In support of the Petition, The Guarantee states as follows:

## I. PARTIES

1. The Guarantee is a Michigan corporation with its principal place of business located in Southfield, Michigan, which is the location from which The Guarantee's high-level officers, direct, control, and coordinate The Guarantee's corporate activities. Thus, The Guarantee is a citizen of Michigan for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

2. Upon information and belief, Justice is a citizen of the State of Tennessee and resides at 500 Prescott Way, Knoxville, Tennessee 37919.

3. Upon information and belief, Ms. Nelson is a citizen of the State of Tennessee.

4. Upon information and belief, Kyle Global is a West Indies limited liability company that has a listed address as Hunkins Waterfront Plaza, 556 Main Street, Charlestown, Nevis, West Indies. Kyle Global is not registered to do business in Tennessee.

5. Upon information and belief, LJP is a Tennessee professional limited liability company with its principal place of business located in Knoxville, Tennessee and can be served with process through its register agent, Loring E. Justice, at 500 Prescott Way, Knoxville, Tennessee 37919.

6. Upon information and belief, CSB is a sham Cook Islands limited liability company that has a listed address of Global House, Parakura, Tutakimoa Road, Avarua District, Cook Islands. CSB is not registered to do business in Tennessee.

7. Upon information and belief, United Community is a Georgia corporation with a principal place of business located in Blairsville, Georgia and can be served with process through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919.

## II. JURISDICTION AND VENUE

8. This Court possess original jurisdiction over The Guarantee's claims against the Defendants pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

9. This Court possesses the power to declare the respective rights and legal obligations of the parties as requested herein pursuant to 28 U.S.C. § 2201(a).

10. Venue is proper in the United States District Court for the Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 123, because the real property in which this matter relates is located in the Eastern District of Tennessee, Northern Division.

## III. FACTUAL ALLEGATIONS

11. Justice purchased a single family condominium located at 500 Prescott Way, Knoxville, Tennessee 37919 (the "Property") in 2001 for $171,500. The legal description of the Property is as follows:

> SITUATED in District No. 5 of Knox County, Tennessee, within the 47th Ward of the City of Knoxville, Tennessee and being known and designated as UNIT 28 of CLEVELAND PARK CONDOMINIUMS, as shown on the Master Deed of Cleveland Park Condominiums recorded on May 25, 2001 in Instrument #200105250082265 Knox County Register's Office. For further reference see plat of record in Instrument #00010160026551 in the Knox County Register's Office.
>
> BEING the same property conveyed to Beacon Development of Tennessee, Inc., from Lane Properties, L.P. via Warranty Deed dated May 4, 2000 of record in Instrument #200005050030297 in the Knox County Register's Office.

12. On December 20, 2013, Justice refinanced the Property through United Community in the amount of $208,000, whereby granting United Community a security interest in the Property.

13. Justice was the defendant in an action initiated by Ms. Nelson in the Juvenile Court for Roane County, Tennessee captioned as *Kim Renae Nelson v. Loring E. Justice*, Case No. 16002 (the "Underlying Lawsuit"). The Juvenile Court for Roane County, Tennessee entered a judgment in favor of Ms. Nelson in the Underlying Lawsuit in the amount of $378,638.90 (the "Nelson Judgment") on or about April 11, 2017.

14. Justice petitioned the Roane County Juvenile Court for a partial stay of execution on the Nelson Judgment pending the outcome of Justice's appeal. The Court granted Justice's motion regarding the Nelson Judgment "conditioned upon [Justice] obtaining an appeal surety bond through a licensed, professional bonding company in the amount of $450,000.00 to secure payment of the judgment in full, interest, damages for delay, and costs on appeal."

15. As a result, The Guarantee issued Appeal Bond No. 15144284 (the "Bond") on behalf of Justice in relation to the Nelson Judgment on or about May 11, 2017.

16. On July 21, 2017, Ms. Nelson recorded the Nelson Judgment with the Knox County Register of Deeds, whereby perfecting Ms. Nelson's lien (the "Nelson Lien") on the Property. A copy of the recorded Nelson Judgment is attached hereto as **Exhibit A.**

17. Justice appealed the Nelson Judgment to the Tennessee Court of Appeals. The Tennessee Court of Appeals affirmed the Nelson Judgment on or about January 25, 2019. *See Nelson v. Justice*, 2019 WL 337040 (Tenn. App. Jan. 25, 2019). Justice then filed a Rule 11 Application with the Tennessee Supreme Court requesting that the Tennessee Supreme Court permit an appeal of the Nelson Judgment. The Tennessee Supreme Court denied the Rule 11 Application on or about September 18, 2019.

18. On July 1, 2019, Kyle Global recorded a deed of trust (the "Kyle Global Deed of Trust") on the Property with the Knox County Register of Deeds in relation to a promissory note

in the amount of $120,000 that was allegedly entered into by Justice and Kyle Global. A copy of the recorded Kyle Global Deed of Trust is attached hereto as **Exhibit B.**

19. On January 13, 2020, LJP recorded that certain Attorney's Real Property Lien Deed of Trust and Assignment of Rents on the Property with the Knox County Register of Deeds (the "Loring Justice PLLC Deed of Trust") in relation to an indebtedness of $95,007.85 owed to LJP by Justice. A copy of the recorded Loring Justice PLLC Deed of Trust is attached hereto as **Exhibit C.**

20. After Justice failed to satisfy the Nelson Judgment, the Court entered the Judgment on Appeal Bond and Judgment Against Loring E. Justice on February 10, 2020, which ordered (1) The Guarantee pay to Ms. Nelson the amount of the Nelson Judgment, plus post-judgment interest, which totaled $436,194.92, under the Bond (the "Bond Judgment"); and (2) a judgment in favor of The Guarantee against Justice in the amount of $436,194.92 plus $2,724.00 in attorneys' fees, for a total payment of $438,918.92 (the "Indemnity Judgment").

21. On February 14, 2020, The Guarantee sent payment in the amount of $438,198.92 to the Roane County Circuit Court Clerk to be paid to Ms. Nelson to satisfy the Bond Judgment.

22. On June 4, 2020, the Guarantee recorded the Indemnity Judgment against Justice in the Knox County Register of Deeds, whereby perfecting a security interest against the Property. A copy of the recorded Indemnity Judgment is attached hereto as **Exhibit D.**

23. On January 19, 2021, CSB recorded a certain Assignment of Deed of Trust (the "CSB Assignment") with the Knox County Register of Deeds, whereby the Kyle Global Deed of Trust was assigned to CSB. A copy of the recorded CSB Assignment is attached hereto as **Exhibit E.**

4825-9832-3847.v-1
Case 3:21-cv-00369-DCLC-JEM   Document 1   Filed 10/29/21   Page 5 of 9   PageID #: 5

## CAUSE OF ACTION I – DECLARATION THAT THE GUARANTEE IS SUBROGATED TO NELSON JUDGMENT AND PRIORITY THEREOF

24. The Guarantee hereby restates the allegations contained in the foregoing paragraphs of this Petition as if fully set forth herein.

25. Ms. Nelson was owed $378,638.90 by Justice in relation to the Nelson Judgment.

26. Ms. Nelson perfected the Nelson Lien on July 21, 2017.

27. On February 14, 2020, The Guarantee caused to be paid to Ms. Nelson the total sum of the Nelson Judgment pursuant to the Bond Judgment.

28. Accordingly, The Guarantee, by way of subrogation, is entitled to step into the shoes of Ms. Nelson as it relates to the Nelson Lien and enforce the Nelson Lien to satisfy the Indemnity Judgment.

29. The Guarantee hereby requests a judgment declaring that The Guarantee is entitled to enforce the Nelson Lien to enforce and satisfy the Indemnity Judgment and to declare that The Guarantee subrogates to the priority of the Nelson Lien.

## CAUSE OF ACTION II – QUIET TITLE AND DECLARATION OF RIGHTS AND PRIORITY AS TO KYLE GLOBAL DEED OF TRUST AND CSB ASSIGNMENT

30. The Guarantee hereby restates the allegations contained in the foregoing paragraphs of this Petition as if fully set forth herein.

31. Upon information and belief, Kyle Global is an illegitimate company that was created by Justice in an attempt to encumber his assets and shield them from his creditors.

32. Kyle Global is not licensed to do business in Tennessee and, upon information and believe, has no business dealings or right to lend money in the state of Tennessee.

33. Kyle Global Deed of Trust should be set aside or, in the alternative, subordinated to the legitimate claims of Justice's creditors, including The Guarantee.

34. Upon information and belief, CSB is an illegitimate company that was created by Justice in an attempt to encumber his assets and shield them from his creditors.

35. CSB is not licensed to do business in Tennessee and, upon information and belief, has no business dealings or right to lend money in the state of Tennessee.

36. CSB Assignment should be set aside or, in the alternative, subordinated to the legitimate claims of Justice's creditors, including The Guarantee.

37. The Guarantee hereby requests a judgment declaring that the Kyle Global Deed of Trust and the CSB Assignment are void and invalid or, in the alternative, that The Guarantee's judgment lien resulting from the Indemnity Judgment and/or its subrogation to the Nelson Lien has a superior priority to the rights related to the Kyle Global Deed of Trust and the CSB Assignment.

## **CAUSE OF ACTION III – QUIET TITLE AS TO LORING JUSTICE, PLLC**

38. The Guarantee hereby restates the allegations contained in the foregoing paragraphs of this Petition as if fully set forth herein.

39. Upon information and belief, the LJP Deed of Trust was established by Justice in an attempt to encumber his assets and shield them from his creditors.

40. Justice issued a deed on his own property for money that he allegedly owed to his own company. To allow the LJP Deed of Trust to stand would allow Justice to shield his property from the legitimate claims of his creditors for his own benefit.

41. The LJP Deed of Trust should be set aside or, in the alternative, subordinated to the legitimate claims of Justice's creditors, including The Guarantee.

## CAUSE OF ACTION IV—JUDGMENT FOR ADDITIONAL COSTS AND ATTORNEYS' FEES UNDER THE INDEMNITY AGREEMENT

42. As a condition of The Guarantee's issuance of the Bond, Justice executed that certain All Purpose Bond Application and General Agreement of Indemnity dated May 10, 2017 (the "Indemnity Agreement"). The Indemnity Agreements obligates Justice, among other things, pay, or cause to be paid premiums on the Bond, and indemnify The Guarantee form and against any liability, loss, cost, attorneys' fees, and expenses, which The Guarantee sustains or incurs by reason or in consequence of having executed the Bond. A copy of the Indemnity Agreement is attached hereto as **Exhibit F**.

43. Pursuant to the Indemnity Agreement, The Guarantee is entitled to recover the costs and expenses (including attorneys' fees) incurred in prosecution of this action and any other costs and expenses (including attorneys' fees) incurred since the entry of the Indemnity Judgment from Justice.

44. The Guarantee hereby demands a judgment against Justice for the cost and expenses (including attorneys' fees) incurred since the entry of the Indemnity Judgment including, but not limited to, the cost and expenses (including attorneys' fees) incurred in the prosecution of this action.

45. The Guarantee further demands a judgment for any other damages caused by Justice's actions described herein or related to the Bond.

WHEREFORE, The Guarantee prays for the entry of an Order: (a) declaring that the Guarantee is subrogated to and entitled to enforce the Nelson Lien to satisfy the Indemnity Judgment; (b) declaring that the Kyle Global Deed of Trust is void or is subordinated to the legitimate claims of Justice's creditors, including The Guarantee; (c) declaring that the CSB Assignment is void or is subordinated to the legitimate claims of Justice's creditors, including the

Guarantee; (d) declaring that the Kyle Global Deed of Trust is void or is subordinated to the legitimate claims of Justice's creditors, including The Guarantee; (e) declaring that The Guarantee by way of subrogation to the Nelson Lien and the judgment lien created by the recordation of the Indemnity Judgment has priority to all other liens related to the Property and/or declare the validity and priority of any Liens on the Property; (f) granting The Guarantee a judgment for its costs and expenses (including attorneys' fees) incurred since the entry of the Indemnity Judgment including, but not limited to the costs and expenses (including attorneys' fees) incurred in the prosecution of this action and for any other damages caused by Justice's actions as described herein; and (g) awarding such other relief as is equitable and just. Further, The Guarantee seeks punitive damages against Justice to the extent that it is determined that his conduct described herein malicious, intentional, fraudulent or reckless.

Respectfully submitted,

*/s/Jeffrey S. Price*
Jeffrey S. Price    BPR No. 019550
MANIER & HEROD
1201 Demonbreun Street, Ste, 900
Nashville, Tennessee 37203
Phone: (615) 244-0030
Fax: (615) 242-4203
jprice@manierherod.com

*Attorney for The Guarantee Company of North America, USA*