IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE: )
)
THE GUARANTEE COMPANY OF )
NORTH AMERICA, USA, )
)
    Plaintiff, ) Case No.
) 3:21-cv-00369-DCLC-HBG
v. )
)
LORING E. JUSTICE, KIM )
RENAE NELSON, KYLE GLOBAL )
VENTURES, LLC, LORING )
JUSTICE, PLLC, CSB HOLDINGS )
329, LLC, UNITED COMMUNITY )
BANK, AND OTHER PERSONS )
OWNING OR CLAIMING AN )
INTREST IN REAL PROPERTY )
KNOWN AS 500 PRESCOTT WAY, )
KNOXVILLE, TN 37919, )
)
    Defendants. )

### DEFENDANT UNITED COMMUNITY BANK'S MOTION
### TO ENTER A PROTECTIVE ORDER

Comes now the Defendant, United Community Bank ("UCB", the "Bank" or "United Community Bank"), pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, by and through its counsel, and moves this Court for a protective order and to limit the discovery requested through subpoenas issued by the Defendant, Loring E. Justice. Subpoenas were issued upon the Knoxville Police Department and Ray Meade on December 17, 2021. Copies of the subpoenas are attached hereto as **Exhibit "A"** and **Exhibit "B"**. The subpoenas each state that they request "all documents pertaining to the following parties and persons….United Community Bank." Neither of the subpoenas limit the subpoenas to matters involved in this case or the defendants in

this case. They could be construed to include matters which are not the subject of this case and construed to include other customers of the Bank who are not parties to this litigation. United Community Bank is requesting the Court to limit the subpoenas to certain parties in this litigation. In support of its Motion, United Community Bank would show as follows:

1. The Defendant, Loring E. Justice, issued the subpoenas attached hereto as **Exhibit "A"** and **Exhibit "B"** to the Knoxville Police Department and Ray Meade on December 17, 2021.

2. The subpoenas each request "any and all documents pertaining to the following parties and persons: …United Community Bank . . . ."

3. Technically, the subpoenas do not appear to be limited to the issues or parties in this case and could impact other parties and customers of the Bank without giving those parties notice of the subpoenas or the opportunity to object to the subpoenas.

4. It is not clear that such breadth of discovery would lead to information which is relevant to the claims or defenses raised in this case.

5. United Community Bank would request that the Court enter a protective order limiting subpoenas issued to the Knoxville Police Department and to Ray Meade requesting information regarding United Community Bank be limited to information regarding United Community Bank to the following parties: Loring E. Justice, Kim R. Nelson, Linn Guerrero, Kyle Global Ventures, LLC, CSB Holdings 329, LLC and Loring Justice, PLLC.

4. United Community Bank does certify that it has requested counsel for the Defendant, Loring E. Justice, to enter an agreed protective order. A copy of the letter is attached hereto as **Exhibit "C"**. The parties are trying to work out the terms of an agreed protective order. Out of an abundance of caution, United Community Bank is filing this Motion to insure that it is filed timely and that it moves to protect its other customers' privacy and interests.

{00091382.DOCX}                                                    2

Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 2 of 19   PageID #: 135

WHEREFORE, the above premises considered, United Community Bank moves the Court to enter a protective order limiting the subpoenas issued to the Knoxville Police Department and Ray Meade in this case in regards to requests for information regarding United Community Bank to information regarding the following parties: Loring E. Justice, Kim R. Nelson, Linn Guerrero, Kyle Global Adventures, LLC, CSB Holdings 329, LLC and Loring Justice, PLLC and for such other relief as may be necessary or appropriate.

Respectfully submitted this 30th day of December, 2021.

> MILLER LAW
> MARY D. MILLER, PLLC
>
> /s/ *Mary D. Miller*
> Mary D. Miller (#013209)
> P.O. Box 52227
> Knoxville, Tennessee 37950
> mmiller@millerlaw.solutions
> (865) 934-4000 (*Telephone*)
> (865) 934-4001 (*Facsimile*)
> Attorney for United Community Bank

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2021, a copy of the foregoing **DEFENDANT UNITED COMMUNITY BANK'S MOTION TO ENTER A PROTECTIVE ORDER** was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and by email. All other parties were served by regular U.S. Mail U.S. Priority Mail International. Parties may access this filing through the Court's electronic filing system. The following parties were served by email:

Jeffrey S. Price
Manier & Herod
1201 Demonbreun St., Suite 900
Nashville, TN 37203

Linn Guerrero
Justice, PLLC
200 Prosperity Drive
Knoxville, TN 37923

The following parties were served by Regular U.S. Mail on the 30th day of December, 2021:

Kim Renae Nelson
821 Tyler Place
Kingston, TN 37763

Ray Meade
629 Green Meadows Lane
Lenoir City, TN 37771

Knoxville Police Department
c/o Eve M. Thomas, Police Chief
800 Howard Baker Jr. Ave.
Knoxville, TN 37915

The following parties were served by U.S. Priority Mail, International on the 30th day of December, 2021:

Kyle Global Ventures, LLC
Hunkins Waterfront Plaza
556 Main Street
Charlestown, Nevis, West Indies

CSB Holdings 329, LLC
Global House
Parakura, Tutakimoa Road,
Avarua District, Cook Islands

                                                            */s/ Mary D. Miller*
                                                             Attorney

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee



| The Guarantee Company of North America, USA | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:21-cv-00369-DCLC-HBG |
| Loring Justice, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Knoxville Police Department, c/o Eve M. Thomas, Police Chief, 800 Howard Baker Jr. Avenue, Knoxville, TN 37915

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: 200 Prosperity Drive<br>Knoxville, TN 37923 | Date and Time:<br>01/28/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2021

*CLERK OF COURT*      OR      *[signature]*

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Loring Justice , who issues or requests this subpoena, are:

Linn Guerrero, Esq., 200 Prosperity Drive, Knoxville, TN 37923, linn@loringjustice.com, 865-584-8620

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:21-cv-00369-DCLC-HBG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1.  Any and all documents pertaining to the following parties and persons:

    Loring E. Justice

    Kim R. Nelson

    Linn Guerrero

    Manier & Herod, P.C.

    Jeffrey Price, Esq.

    Ray Meade

    The Guarantee Company of North America, USA

    United Community Bank

    Kyle Global Ventures

    CSB Holdings

    Loring Justice, PLLC

    Any other person or entity involved in the above captioned case.

2.  All notes of conversations or documents related to conversations with any person consulted with or regarding Loring E. Justice, Linn Guerrero, Kim Nelson, Jeffrey Price or anyone else associated or affiliated with Manier & Herod, P.C., Ray Meade, *Nelson v. Justice*, Roane County Juvenile Court No. 16002, Judge William Acree, Monica Harasim, any person or persons associated or affiliated in any way with the Roane County Juvenile Court, and/or 500 Prescott Way, Knoxville, TN 37919 (a residence), and any other person or persons employed or associated in any way with the state government of Tennessee.

3.  All documents you received and/or reviewed in any way pertaining to any aspect of this case and/or any and all documents you have received and/or reviewed from Manier & Herod, P.C., Jeffrey Price, Kim Nelson, the Loudon County Sheriff's Office, the Lenoir City Police Department, the Roane County Sheriff's Office, the Roane County Juvenile Court, Judge William Acree, Monica Harasim, David Valone, Martha Meares, Cecilia Petersen, R. Alan Rawls, Gregory Brown and/or anyone else associated or affiliated with Lowe, Yeager, & Brown PLLC, and/or Ray Meade pertaining to any aspect of this case or any other case involving the parties.

4.  All notes and/or reports and/or drafts of reports and/or logs and/or documents, of any kind whatsoever, prepared in connection to this case in any way or in any way regarding

1

Case 3:21-cv-00369-DCLC-HBG   Document 12-2   Filed 12/17/21   Page 4 of 8   PageID #: 126
Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 9 of 19   PageID #: 142

Loring E. Justice, Linn Guerrero, Kim Nelson, Jeffrey Price or anyone else associated or affiliated with Manier & Herod, P.C., Ray Meade, *Nelson v. Justice*, Roane County Juvenile Court No. 16002, Judge William Acree, Monica Harasim, David Valone, Martha Meares, Cecilia Petersen, R. Alan Rawls, Gregory Brown and/or anyone else associated or affiliated with Lowe, Yeager, & Brown PLLC, the Roane County Juvenile Court, and/or 500 Prescott Way, Knoxville, TN 37919 (a residence). This request includes, but is not limited to, notes, reports, logs, and documents related in any way to surveillance of any persons, locations, addresses, or real property performed by you. Please note this subpoena specifically requests any preliminary or prior drafts of any report(s) and any document of any kind whatsoever.

5. All calendars that refer to appointments, meetings, or phone calls related in any way to this case, any party to this case, and/or Jeffrey Price, Manier & Herod, P.C., Linn Guerrero, Judge William Acree, Monica Harasim, David Valone, Martha Meares, Cecilia Petersen, R. Alan Rawls, Gregory Brown and/or anyone else associated or affiliated with Lowe, Yeager, & Brown PLLC, any person or persons associated or affiliated in any way with the Roane County Juvenile Court, any law enforcement officer or anyone else associated or affiliated with the Lenoir City Police Department, any law enforcement officer or anyone else associated or affiliated with the Loudon County Sheriff's Department, any law enforcement officer or anyone else associated or affiliated with the Roane County Sheriff's Department, and between you and Kim Nelson or anyone else affiliated or associated with Kim Nelson, and/or Ray Meade.

7. Any and all correspondence including but not limited to, electronic mail, e-mail, regular mail correspondence, FedEx, UPS, or DHL correspondence or parcels, text messages, correspondence via courier service, and facsimile correspondence related to this case or to the parties or to the attorneys of record in this case or to Ray Meade or to 500 Prescott Way, Knoxville, TN 37919 (a residence). Please note this subpoena specifically requests any and all correspondence between you and Jeffrey Price, between you and anyone associated or affiliated in any way with Manier & Herod, P.C., between you and any other law enforcement officer or anyone else associated or affiliated with the Knoxville Police Department, between you and any law enforcement officer or anyone else associated or affiliated with the Lenoir City Police Department, between you and any law enforcement officer or anyone else associated or affiliated with the Loudon County Sheriff's Department, between you and any law enforcement officer or anyone else associated or affiliated with the Roane County Sheriff's Department, and between you and Kim Nelson or anyone else affiliated or associated with Kim Nelson.

8. All video recordings or audio recordings of any kind whatsoever of or pertaining to the parties or this case in any way, including body camera footage from November 17, 2021, November 18, 2021, and November 24, 2021, including, but not limited to body camera footage of any and all law enforcement officers at 500 Prescott Way, Knoxville, TN 37919 and the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909. This request also includes any and all recordings of phone conversations regarding to this case in any way and/or regarding the events that took place at 500 Prescott Way, Knoxville, TN 37919 on November 17, 2021 and November 18, 2021 and the events that took place at the Knoxville Racquet Club on November 17, 2021 and November 24, 2021.

2

Case 3:21-cv-00369-DCLC-HBG   Document 12-2   Filed 12/17/21   Page 5 of 8   PageID #: 127
Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 10 of 19   PageID #: 143

9. The originals of all correspondence, notes of conversations, and documents between you and anyone else including any attorney, or representatives and consultants of the attorneys in any way related to the case or to the case of *Nelson v. Justice*, No. 16002, Roane County Juvenile Court, or any other litigation between Kim Nelson and Loring Justice and/or Kim Nelson, Loring Justice, and The Guarantee Company of North America, USA.

10. Access to and copies of all electronic messaging that in any way relates to the case including but not limited to emails and text messages. Please note this request specifically asks for emails and text messages to and from law enforcement officers of the Knoxville Police Department and in person working with them in any way, to and from and/or regarding any party in this case, Linn Guerrero, Kim Nelson and anyone associated or affiliated with Kim Nelson, Ray Meade, Jeffrey Price, and anyone associated or affiliated in any way to Manier & Herod, P.C., the Loudon County Sheriff's Office, the Roane County Sheriff's Office, the Lenoir City Police Department, and between law enforcement officers of the Knoxville Police Department regarding Loring E. Justice, Kim Nelson, Linn Guerrero, Ray Meade, Jeffrey Price, and/or 500 Prescott Way.

11. Any and all documents, items, tapes, things, papers, DVDs or CDs, that were given or sent to you by any source in any way pertaining to this case, any party to this case, and/or Linn Guerrero, and/or Ray Meade, and or 500 Prescott Way, Knoxville, TN 37919 (a residence) whether that material was returned to the individual who provided it.

12. Any and all alleged warrants in possession of law enforcement officers of the Knoxville Police Department **on November 17, 2021** regarding or relating to Loring E. Justice, Linn Guerrero, and/or 500 Prescott Way, Knoxville, TN 37919 (a residence).

13. Any and all alleged warrants in possession of law enforcement officers of the Knoxville Police Department obtained **after** November 17, 2021 regarding or relating to Loring E. Justice, Linn Guerrero, and/or 500 Prescott Way, Knoxville, TN 37919 (a residence).

13. Any and all documents relating in any way to Knoxville Police Department officers entering and searching the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 17, 2021, including the police report.

14. Any and all documents relating in any way to Knoxville Police Department officers being present at the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 18, 2021.

15. The names (complete names: first, middle, and last names) and badge numbers of any and all officers who entered and/or searched the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 17, 2021.

16. The name(s) (complete names: first, middle, and last names) and badge number(s) of any and all officers who were present at the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 18, 2021.

3

Case 3:21-cv-00369-DCLC-HBG   Document 12-2   Filed 12/17/21   Page 6 of 8   PageID #: 128
Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 11 of 19   PageID #: 144

17. The names (complete names: first, middle, and last names) and badge numbers of any and all officers who were present and/or entered the Knoxville Racquet Club on November 17, 2021 and November 24, 2021.

18. Any and all call logs and/or dispatch recordings regarding or related to Loring E. Justice, Linn Guerrero, Kim Nelson, Ray Meade, Alice Justice, Anthony Justice The Guarantee Company of North America, USA, 500 Prescott Way, Knoxville, TN 37919 (a residence), the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909, and/or 608 Amberly Court, Lenoir City, TN 37772 (a residence) on November 17, 2021, November 18, 2021, and/or November 24, 2021.

19. The personnel files of any and all officers identified in response to numbers 15-17 in this Schedule A.

20. Any and all documents relating in any way to your relationship and/or your individual officers' relationships with Ray Meade.

21. Produce the audio of the call, the transcript of the call, and/or any evidence of the call that allegedly took place to police that led to the KPD officers entering and searching the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 17, 2021.

22. Produce the audio of the call, the transcript of the call, and/or any evidence of the call that allegedly took place to police that led to the KPD officers entering the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909 on November 17, 2021.

23. Produce the audio of the call, the transcript of the call, and/or any evidence of the call that allegedly took place to police that led to KPD officers entering the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909 on November 24, 2021.

24. Produce the audio of the call to police that led to KPD officer(s) coming to the door of the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 18, 2021.

25. Any and all photos taken, either by digital, film, cell phone camera, or otherwise inside or outside the residence located at 500 Prescott Way, Knoxville, TN 37919 on November 17, 2021 and/or November 18, 2021 and/or any other time.

26. Any and all photos taken, either by digital, film, cell phone camera, or otherwise inside or outside the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909 on November 17, 2021 and/or November 24, 2021 and/or any other time.

27. Any and all photos taken, either by digital, film, cell phone camera, or otherwise outside, at or near the residence located at 608 Amberly Court, Lenoir City, TN 37772 and/or any other time.

28. The name(s) (complete names: first, middle, and last names) and badge number(s) of any and all officers who were present at the residence located at 608 Amberly Court, Lenoir

4

City, TN 37772 on November 17, 2021 and/or November 18, 2021 or near such residence or at the gate of such residence.

29. Produce the audio of the call to police that led to KPD officer(s) coming to the residence located at 608 Amberly Court, Lenoir City, TN 37772 on November 17, 2021.

30. Produce any and all documents and information related to or regarding the events pertaining to the parties or this case in any way of November 17, 2021, November 18, 2021, and November 24, 2021 including, but not limited to documents pertaining to 500 Prescott Way, Knoxville, TN 37919 (a residence), the Knoxville Racquet Club, 5535 Lonas Drive, Knoxville, TN 37909, and 608 Amberly Court, Lenoir City, TN 37772.

5

Case 3:21-cv-00369-DCLC-HBG   Document 12-2   Filed 12/17/21   Page 8 of 8   PageID #: 130
Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 13 of 19   PageID #: 146

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| The Guarantee Company of North America, USA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-00369-DCLC-HBG |
| Loring Justice, et al. | ) |
| | ) |
| *Defendant* | ) |

**EXHIBIT B**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ray Meade, 629 Green Meadows Lane, Lenoir City, Tennessee 37771

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: 200 Prosperity Drive Knoxville, TN 37923 | Date and Time: 01/28/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2021

*CLERK OF COURT*  OR  *[signature]*

*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Loring Justice**, who issues or requests this subpoena, are:

Linn Guerrero, Esq., 200 Prosperity Drive, Knoxville, TN 37923, linn@loringjustice.com, 865-584-8620

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:21-cv-00369-DCLC-HBG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1. Your entire original file pertaining to the following parties and persons:

   Loring E. Justice

   Kim R. Nelson

   Linn Guerrero

   Manier & Herod, P.C.

   Jeffrey Price, Esq.

   The Guarantee Company of North America, USA

   United Community Bank

   Kyle Global Ventures

   CSB Holdings

   Loring Justice, PLLC

   Any other person or entity involved in the above captioned case.

2. All notes of conversations or documents related to conversations with any person consulted in connection with this case or in any way consulted in a matter pertinent to this case, including, but not limited to, any law enforcement officers of the Knoxville Police Department, any law enforcement officers of the Loudon County Sheriff's Office, Jeffrey Price, Kim Nelson, any law enforcement officers of the Lenoir City Police Department, Nancy Brumfield, Linn Guerrero, any other person(s) associated or affiliated in any way to Manier & Herod, P.C., David Valone, Cecilia Petersen, Martha Meares, R. Alan Rawls, Gregory Brown, any other person(s) associated or affiliated in any way to Lowe Yeager & Brown, PLLC, Judge William Acree, Monica Harasim, any person(s) associated or affiliated whatsoever with the Roane County Juvenile Court, any person employed by and/or affiliated in any way with the State of Tennessee, and Dwyn and Kay Mounger.

3. All documents, of any kind or type whatsoever, without limitation, you received and/or reviewed in any way pertaining to any aspect of this case including, but not limited to, emails, electronic documents, email attachments, text messages, social media direct messages, letters, parcels, packages, facsimile correspondence, and anything downloaded from the cloud.

4. All notes and/or reports and/or drafts of reports and/or logs and/or documents prepared in connection to this case in any way. This request includes, but is not limited to, notes,

reports, logs, and documents related in any way to surveillance of any persons, locations, addresses, or real property performed by you in any way related to this case. Please note this subpoena specifically requests any preliminary or prior drafts of any report(s).

5. All calendars that refer to appointments, meetings, or phone calls related in any way to this case or the parties in this case.

6. All billing statements, payment records, and receipts related, in any way, to this case, including, but not limited to, statements and payments records of Manier & Herod and/or Jeffrey Price to you in connection with this case in any way.

7. Any and all correspondence including but not limited to, electronic mail, e-mail, regular mail correspondence, FedEx, UPS, or DHL correspondence or parcels or packages, text messages, social media direct messages (Instagram, Twitter, SnapChat, Facebook, etc.), correspondence via courier service, and facsimile correspondence related to this case or to the parties or to the attorneys of record in this case. Please note this subpoena specifically requests any and all correspondence between you and the Jeffrey Price, between you and anyone associated or affiliated in any way with Manier & Herod, P.C., between you and any law enforcement officer or anyone else associated or affiliated with the Knoxville Police Department, between you and any law enforcement officer or anyone else associated or affiliated with the Lenoir City Police Department, between you and any law enforcement officer or anyone else associated or affiliated with the Loudon County Sheriff's Department, between you and David Valone, between you and Cecilia Petersen, between you and Martha Meares, between you and R. Alan Rawls, between you and Gregory Brown, between you and any other person(s) associated or affiliated in any way to Lowe Yeager & Brown, PLLC, between you and Judge William Acree, between you and Monica Harasim, between you and any person(s) associated or affiliated whatsoever with the Roane County Juvenile Court, between you and Kim Nelson or anyone else affiliated or associated with Kim Nelson, between you and Loring Justice, and between you and Linn Guerrero.

8. All video recordings of any kind whatsoever or audio recordings or any kind whatsoever of or pertaining to the parties or this case in any way.

9. The originals of all correspondence, notes of conversations, and documents between you and anyone else including any attorney, or representatives and consultants of the attorneys in any way related to the case.

10. Access to and copies of all electronic messaging of any kind that in any way relates to the case including but not limited to emails, text messages and social media direct messages (Instagram, Twitter, SnapChat, Facebook, etc.).

11. Any and all documents, items, tapes, things, papers, DVDs or CDs, that were given or sent to you by any source in any way pertaining to this case, whether that material was returned to the individual who provided it.

12. Your current resume and/or a list of professional qualifications and job history.

Case 3:21-cv-00369-DCLC-HBG   Document 12-1   Filed 12/17/21   Page 5 of 5   PageID #: 122
Case 3:21-cv-00369-DCLC-HBG   Document 15   Filed 12/30/21   Page 18 of 19   PageID #: 151



MILLER LAW | MARY D. MILLER, PLLC
MARY MILLER



December 28, 2021

**VIA EMAIL AND REGULAR U.S. MAIL**

Linn Guerrero
Justice, PLLC
200 Prosperity Drive
Knoxville, Tennessee 37923

Re: In Re: The Guarantee Company of North America, USA v. Loring E. Justice, Kim Renae Nelson, Kyle Global Ventures, LLC, Loring Justice, PLLC, CSB Holdings 329, LLC, United Community Bank, and Other Persons Owning or Claiming an Interest in Real Property Known as 500 Prescott Way, Knoxville, TN 37919
U.S. District Court for the Eastern District of Tennessee Northern Division
Case No. 3:21-cv-00369-DCLC-HBG

Dear Ms. Guerrero:

As you may know, this firm represents United Community Bank in the above-reference case. We have received notices of the subpoenas which you have filed in above-captioned case. In the subpoenas, it appears that the subpoenas could technically be construed to require that all files of United Community Bank be produced even if not related to this case. The subpoena states to produce the original file pertaining to the following parties and persons: ... United Community Bank. Technically, it may appear that the request in each case goes beyond files related to Loring E. Justice and is not limited to matters involving Mr. Justice. Could we agree to enter an agreed order regarding both subpoenas which limits the breadth of both subpoenas to files regarding United Community Bank and Loring E. Justice?

We appreciate your consideration in this matter.

Best Regards,

Mary D. Miller
MDM:sk

cc: Marie Appleby Richardson

{00091308.DOCX}

P.O. BOX 52227 KNOXVILLE, TN 37950 | TELEPHONE (865) 934-4000
FAX (865) 934-4001 | MMILLER@MILLERLAW.SOLUTIONS
WWW.MILLERLAW.SOLUTIONS