UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:21-CV-369-DCLC-JEM ) |
| LORING E. JUSTICE, et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant United Community Bank's Motion to Enter a Protective Order [Doc. 15] that was filed on December 30, 2021. In the motion, United Community Bank states that Defendant Loring Justice served subpoenas on the Knoxville Police Department and Ray Meade on December 17, 2021, requesting documents that pertain to United Community Bank.[1] It further argues that the subpoenas were overly broad because they were not limited to matters relating to this case. United Community Bank requests that the Court enter a protective order limiting the subpoenas to the relevant parties.

---

[1] On March 7, 2022, the Court sustained an objection relating to Loring Justice's subpoena to the Knoxville Police Department [Doc. 27] that was filed by the City of Knoxville ("City"). The City objected to the subpoena arguing that the parties could not conduct discovery until they have conferred pursuant to Federal Rule of Civil Procedure 26(f). Defendant Justice did not respond to the City's objection. Pursuant to Local Rule 7.2, the Court sustained the objection and relieved the Knoxville Police Department from any obligation to comply with the subpoena [Doc. 27].

On January 14, 2022, Loring Justice filed a Response [Doc. 21], agreeing to limit the scope of the subpoenas that he served. He further states that United Community Bank sent a proposed order to Loring Justice and that "an agreement is forthcoming." [*Id.*].

On February 17, 2022, United Community Bank reported to the Court that it was circulating a proposed order among the parties. On March 17, 2022, counsel for United Community Bank informed the Court that she would follow up with the Court the next week about the status of the proposed order. On the same date, the Court directed United Community Bank, via email, to provide a status report via email by Wednesday, March 23, 2022. The Court did not receive the status report as requested.

Accordingly, the Court **ORDERS** the parties to file a joint status report on the Motion for Protective Order [Doc. 15] on or before **March 29, 2022, by 5:00 p.m. (ET)**. If the parties have agreed to a proposed order, they **SHALL** submit the agreed order as an exhibit to the joint status report.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge