UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, | ) ) ) ) ) ) ) ) ) ) ) ) | 3:21-CV-00369-DCLC-JEM |
| Plaintiff, | | |
| vs. | | |
| LORING E. JUSTICE, et al., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

The Guarantee Company of North America, USA ("the Guarantee") initiated this action on October 29, 2021, seeking quiet title to real property owned by Defendant Loring E. Justice ("Justice") and a declaration of the priority of liens against the real property [Doc. 1]. Before the Court is Justice's Motion to Dismiss and/or Motion for Stay [Doc. 25]. For the reasons stated herein, Justice's motion is **DENIED**.

I.  BACKGROUND

On April 11, 2017, the Juvenile Court for Roane County, Tennessee ("the state court") awarded a judgment against Justice in favor of Kim Renae Nelson ("Ms. Nelson"), in the amount of $376,638.90 for attorneys' fees ("Nelson Judgment") [Doc. 1-1, pg. 18]. Justice moved for a partial stay of execution on the Nelson Judgment pending appeal, which the state court granted, "conditioned upon [Justice] obtaining an appeal surety bond…in the amount of $450,000 to secure payment of the judgment in full, interest, damages for delay, and costs on appeal." [Doc. 25-1, pg. 12]. On May 11, 2017, the Guarantee issued an appeal bond on behalf of Justice for the specified amount [*Id*. at pg. 15].

1

By September 2019, Justice exhausted all appeals relative to the Nelson Judgment.[1] In October 2019, Ms. Nelson sought payment from the Guarantee on the appeal bond for the Nelson Judgment plus post-judgment interest [*Id*. at pg. 21]. The Guarantee then demanded that Justice satisfy the claim or obtain an order discharging the bond [*Id*. at pg. 23]. The Guarantee further reiterated that if it paid Ms. Nelson on the bond, it would "obtain a judgment against [Justice] in the amount of its liability, loss, cost, attorneys' fees, and expenses" pursuant to the General Agreement of Indemnity [*Id*. at pg. 24].

On October 29, 2019, after Justice failed to satisfy Ms. Nelson's claim, the Guarantee intervened in the state action and moved for a determination of its obligations under the bond and for a judgment against Justice [*Id*. at pgs. 1–10].[2] Likewise, Ms. Nelson filed a motion seeking payment under the bond. On February 10, 2020, the state court entered a judgment on the appeal bond, ordering the Guarantee to submit payment to Ms. Nelson in the amount of the Nelson Judgment plus post-judgment interest—$436,194.92 (the "Surety Judgment") and found the Guarantee's obligations under the appeal bond were fully released and discharged upon such payment [Doc. 25-2]. Pursuant to Tenn. Code Ann. § 25-3-122, the state court also entered a judgment against Justice in favor of the Guarantee for the amount of the Surety Judgment plus attorneys' fees, for a total of $438,918.92 (the "Indemnity Judgment") [*Id*.]. The Tennessee Court of Appeals affirmed both judgments on March 9, 2021, and the Tennessee Supreme Court denied

---

[1] The Tennessee Court of Appeals affirmed the Nelson Judgment and the Tennessee Supreme Court denied permission to appeal. *Nelson v. Justice*, No. E2017-00895-COA-R3-CV, 2019 WL 337040 (Tenn. Ct. App. Jan. 25, 2019), *perm. app. denied* (Tenn. Sep. 18, 2019).

[2] Prior to the Juvenile Court's ruling on its motion, the Guarantee filed a Complaint with this Court, seeking indemnity and equitable relief against Justice in relation to the obligations under the appeal bond [Doc. 25-5]. However, the Guarantee voluntarily dismissed the federal action on February 5, 2020 [Doc. 25-6].

2

permission to appeal. *Nelson v. Justice*, No. E2020-00287-COA-R3-CV, 2021 WL 870736, (Tenn. Ct. App. Mar. 9, 2021), *perm. app. denied* (Tenn. July 13, 2021).

On October 29, 2021, the Guarantee initiated this action by filing a Petition to Quiet Title and Declare Priority of Liens [Doc. 1] on Justice's real property located at 500 Prescott Way, Knoxville, Tennessee ("the Property"). The Guarantee joined as defendants the following, who each purportedly hold an interest in the Property: Justice, Ms. Nelson, Kyle Global Ventures, LLC ("Kyle Global"), Loring Justice, PLLC ("LJP"), CSB Holdings 329, LLC ("CSB Holdings"), and United Community Bank. Justice contends the action must be dismissed for lack of subject matter jurisdiction under the "prior suit pending doctrine" or stayed pending further results in the state court [Doc. 25].

## II.     DISCUSSION

### A.     Prior Suit Pending Doctrine

Tennessee's prior suit pending doctrine is premised on the principle that "a suit is subject to plea in abatement where there is pending another suit on the same subject matter." *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964). Thus, "a party could have an action dismissed if there was a prior suit filed against [him] for the same claims in the same jurisdiction." *Cannon ex rel. Good v. Reddy*, 428 S.W.3d 795, 797 n.2 (Tenn. 2014) (citing *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008)).[3] Relying on this doctrine, Justice contends the Guarantee's claims should be dismissed because this action involves the same subject

---

[3] The Tennessee Supreme Court has established the following four requisite elements for dismissal pursuant to the prior suit pending doctrine: "(1) the lawsuits must involve identical subject matter; (2) the lawsuits must be between the same parties or their privies; (3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and (4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *West*, 256 S.W.3d at 623.

3

matter and parties as the state court action [Doc. 25, pg. 6]. Even taking Justice's contention as true, the Sixth Circuit has explained that the prior suit pending doctrine "is a state law doctrine which plainly does not apply to federal courts." *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 511 (6th Cir. 2005). Accordingly, Tennessee's prior suit pending doctrine does not apply in this matter and Justice's motion [Doc. 25] is **DENIED** to the extent he seeks dismissal on such grounds.

   B.   *Colorado River*

As an alternative to his argument for dismissal based on Tennessee's prior suit pending doctrine, Justice contends the Court should stay this action pending further results in the state action, citing *Colorado River v. Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") [Doc. 25, pg. 7]. The Guarantee contends the principles enunciated in *Colorado River* do not apply because the proceedings before the state court are not parallel to the instant action.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction[.]" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Id*. Nonetheless, there are certain "exceptional" circumstances in which principles of "wise judicial administration" permit the dismissal or stay of a federal action in deference to a parallel state action. *Id.* 817–18; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.").

4

The Sixth Circuit employs a two-step inquiry to determine whether deference to a concurrent state action under *Colorado River* is appropriate. The threshold question is whether "the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). If the actions are not parallel, the inquiry ends. If the actions are parallel, the Court must then conduct a balancing test, considering eight different factors identified by *Colorado River* and its progeny. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001).

In this case, the state action and the instant action are far from parallel. Justice argues both matters relate to the execution of the same judgment, presumably the Indemnity Judgment [Doc. 25, pg. 9]. However, the state action, which apparently continued over the course of 12 years before the Guarantee became involved, related to issues of child support and child custody between Ms. Nelson and Justice. *See Nelson*, 2021 WL 870736, at *1. The Guarantee's involvement in that action was limited to the issuance of an appeal bond on behalf of Justice following the entry of the Nelson Judgment, and the subsequent intervention to (1) determine its obligations under the appeal bond after Justice exhausted all appeals and (2) obtain a judgment against Justice for indemnification under the terms of the bond [Doc. 25-1].

The Guarantee's obligations under the appeal bond were "fully released and discharged" upon payment of the Surety Judgment,[4] and the only subsequent state litigation involving the Guarantee concluded when Justice exhausted all appeals relative to the Indemnity Judgment in 2021. Thus, from this Court's vantage point, the state action, as it relates to the Guarantee, has reached the end of the line and, according to the Guarantee, the only reason the action is still pending is because Justice is in contempt of court and has refused to surrender himself to the Roane County Sheriff [Doc. 26, pg. 8].

---

[4]  Justice concedes that the Guarantee satisfied the Surety Judgment [Doc. 25, pg. 2].

In sum, there are no issues pending in the state action which are substantially similar to the Guarantee's claims in this action. The Guarantee simply obtained a judgment against Justice in the state action and now seeks aid in executing that judgment from this Court. Based on the foregoing, the Court cannot reasonably conclude that the state action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. Therefore, Justice's motion is **DENIED** to the extent he seeks a stay of this matter pending further results in the state action.

### III. CONCLUSION

Accordingly, Justice's Motion to Dismiss and/or Motion for Stay [Doc. 25] is **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge